# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **MARKEYSHA JOHNSON** ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | |
| ) | **COMPLAINT** |
| **LONESTAR IT SOLUTIONS,** ) | |
| **LLC d/b/a** ) | **JURY TRIAL DEMANDED** |
| **TenantBackgroundSearch.com** ) | |
| ) | |
| Defendant. ) | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended.*

## THE PARTIES

2. Plaintiff Markeysha Johnson is an adult individual who resides in Myrtle Beach, SC.

3. Defendant Lonestar IT Solutions, Inc. d/b/a TenantBackgroundSearch.com ("TBS") is a consumer reporting agency that regularly conducts business in the Eastern District of Texas and has its principal place of business located in this district at 3333 Lee Pkwy, #646, Dallas, Texas.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. In or around August 2020, Plaintiff was attempting to secure housing with Americana LLC ("Americana").

7. As part of the application for housing, Americana obtained a consumer report from Defendant.

8. Defendant's report contained derogatory and inaccurate information about Plaintiff.

9. The inaccurate information includes but is not limited to inaccurate public records regarding evictions proceedings (hereafter "inaccurate information").

10. The inaccurate information does not belong to Plaintiff, but instead belongs to another individual.

11. Due to Defendant's faulty procedures, Defendant mixed the credit file of Plaintiff and that of another individual.

12. Defendant has sold reports containing the inaccurate information to third parties since at least August 2020.

13. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that they have disseminated and resold to various persons, both known and unknown.

14. Following receipt of the inaccurate report from Defendant, Plaintiff disputed the accuracy of the report with Defendant via its website in August 2020.

15. Notwithstanding Plaintiff's efforts, Defendant failed to respond in any fashion; failed to correct the inaccurate information; and failed to notify Americana that there was inaccurate information in the report that Defendant sold about Plaintiff.

16. As a result of the inaccurate report Defendant sold to Americana in August 2020, Plaintiff was denied housing.

17. The basis for that denial was the inaccurate information that appears on Plaintiff's consumer report prepared by the Defendant, which was a substantial factor for the denial.

18. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost rental opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

19. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

20. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

### COUNT ONE – VIOLATIONS OF THE FCRA
### PLAINTIFF v. DEFENDANT

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

23. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e(b) and 1681i.

26. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## JURY TRIAL DEMAND

27. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

FRANCIS MAILMAN SOUMILAS

BY: */s/ Joseph L. Gentilcore*
Joseph L. Gentilcore, Esq.
1600 Market Street, Suite 2510.
Philadelphia, PA 19103
(215) 735-8600
jgentilcore@consumerlawfirm.com

Dated: April 28, 2022                     *Attorneys for Plaintiff*